[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 3, 2009
THOMAS K. KAHN
CLERK

No. 08-12400

_____

D. C. Docket No. 07-00020 CR-01-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARDRIQUEZ ANTWAN DURDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 3, 2009)

Before TJOFLAT, ANDERSON, and STAPLETON,* Circuit Judges.

PER CURIAM:

_____

*Honorable Walter K. Stapleton, United States Circuit Judge for the Third Circuit, sitting by
designation.

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. With respect to defendant's challenge to the district court's instructions concerning defendant's status as a prohibited person, and the introduction of evidence with respect thereto, we conclude there was no reversible error, especially in light of the district court's instructions. With respect to defendant's argument that the district court erred in limiting cross-examination of Agent Roland, we conclude that the ruling did not preclude appropriate questions related to defendant's attempt to show he did not have time to answer the officers' knock and announce or his theory of self-defense. In any event, there was no plain error with respect to the district court's handling of the cross-examination of Roland. We also conclude that the government's comment during opening about the co-defendant's plea does not rise to the level of plain error, especially in light of the district court's repeated curative instructions that the jury should disregard comments of counsel, and the overwhelming evidence of defendant's guilt.

The district court's statements to the jury with respect to the cocaine and cocaine base, and with respect to defendant's reimbursement of Reed's portion of the purchase price of the first gun, do not rise to the level of plain error. Finally, defendant's challenges to the sufficiency of the evidence are wholly without merit.

2

Accordingly, the judgment of the district court is

AFFIRMED.